UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV57 HEA |
| | ) | |
| TONYA JOHNSON HYLES, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton, [Doc. # 64], pursuant to 28 U.S.C. § 636(b). Both defendant and the government have filed Objections to the Report and Recommendation, which recommended that defendant's Motion to Suppress Evidence and Statements, [Doc. #. 26], and her Motion for Specific Performance, [Doc. # 27] be denied. Further, Judge Blanton ordered defendant's Motion to Disqualify the United States Attorney for the Eastern District of Missouri, [Doc. # 39], and the government's Motion for Reconsideration of and Objections to Order Denying Government's Motion to Strike Defendant's Testimony, [Doc. # 55], denied. Defendant's Motion for Sanctions, [Doc. 40], was ordered withdrawn, per defendant's request.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including reading the transcripts and listening to the audio recordings of the hearings held on October 27, 2005 and November 4, 2005.

**Defendant's Objections**

Initially, defendant objects to Judge Blanton's recommendation that her Motion to Suppress Evidence and Statements be denied. Defendant argues that Judge Blanton's refusal to grant her oral motion for a body attachment of April Leatherwood, a subpoenaed witness, deprived her of her right to present evidence in support of her motion or, alternatively, to present a witness to rebut the facts testified to by the government's witness. Although defendant testified at the hearing on November 4, 2005, she did not testify that Sergeant Lockett threatened that her children would be taken from her and placed in foster care. Defendant continues to maintain that the witness would support defendant's claim that defendant was threatened. The Court, however, agrees with Judge Blanton's conclusion that what

was told to the witness regarding the witness' children, which defendant claims is the gravamen of the proposed witness' testimony, is irrelevant as to the allegations of threats to defendant. Defendant's objection is overruled.

Defendant also objects to Judge Blanton's recommendation that her motion for specific performance be denied. As defendant correctly quotes, the proffer letter states, in part, "[i]n the event that the information contained in [defendant's] proffer is deemed by this office to be truthful, candid, and meritorious, this office will engage in negotiations involving specific concessions which will be made on behalf of the Government in exchange for [defendant's] further cooperation." Defendant asks the Court to order the government to perform the last statement of the proffer letter. Defendant fails to observe the salient inquiry: whether the information is deemed by the United States Attorney's office to be truthful, candid, and meritorious. Thus, in order for further negotiations to occur, pursuant to the proffer letter, the United States Attorney's office had to determine that defendant was being truthful, candid and that the information she provided was meritorious. This determination was not made, based on the inconsistencies in defendant's statements and the U.S. Attorney's perception that defendant was not being totally forthcoming with everything she knew. The U.S. Attorney was therefore not required to engage in further negotiations.

Defendant's reference to the FBI case agent Bruns' testimony does not establish the United States Attorney's assessment of defendant's assistance. Clearly, the question posed to Agent Bruns was as to his knowledge as to why the charges against defendant were dismissed. Agent Bruns responded to the question posed: "Q: So, to <u>your</u> knowledge, were the charges dismissed because of the negotiations between the government and myself? A: Yes. What those details were, I do not know, but yes." (Emphasis added). This statement merely sets forth the agent's belief as to the negotiations and his belief as to the reason the initial charges were dismissed. It establishes nothing further with respect to the United States Attorney's determination of defendant's candor. Agent Bruns' testimony leading up to the above question and answer demonstrates other rationale for dismissing the initial indictment. Agent Bruns testified as follows: "Yes, the fact that the trial date on Ms. Hyles was approaching, was quite near, and we had the issue of pursuing charges against Mr. Cannon and Mr. Hyles, and those were the primary focus of the investigation of the prosecution, so we wanted to pursue that first, and then consider Ms. Hyles at a later time." Furthermore, Agent Bruns testified at the first hearing that they, (Agent Bruns and the Assistant United States Attorney), felt defendant was still not giving them everything she knew. He specifically testified that the indictment was not dismissed because they thought

defendant was not telling the truth and telling them everything she knew about the incidents. Agent Bruns also testified that defendant stopped being a useful witness on February 8, 2005.

Defendant claims that the relevant inquiry is: Was there an agreement between the parties that resulted in the dismissal of the previous indictment. Defendant argues that there was such an agreement and asks the Court to enforce the agreement. The record is clear, however, based on the proffer letter, defendant's actions *vis a vis* the proffer, the determination by the United States Attorney's office that defendant had not given complete, truthful and candid information, and the testimony presented to the Court that an agreement defendant seeks to enforce was never formed. The government clearly articulated in its proffer letter that the government was agreeing, at that point, to the interview and that <u>before</u> the government would come to an agreement with defendant, she must submit to the interview with law enforcement officers and/or Assistant United States Attorneys for the purpose of <u>assessing</u> the credibility and value of the assistance, evidence and possible testimony that she could provide. As a further *proviso* and *caveat*, the government included in this letter the following disclaimer: "Only if the Government determines that your client's information and ability to develop information is honest, reliable and worthwhile, will the Government enter into any agreement." Defendant

accepted these conditions through her signature under the "Accepted" section attached to the proffer letter.    Thus, without defendant satisfying the conditions precedent set forth in the proffer letter, there could be no agreement.  Defendant's objection to Judge Blanton's Recommendation is therefore overruled.

**Government's Objection**

The government "objects" for the record to the denial of its motion to strike defendant's testimony and subsequent motion for reconsideration.  Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may only reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  In his Order of December 13, 2005, Judge Blanton articulates his reasoning for denying the motion to strike, and carefully assesses the law and its application to the facts underlying defendant's refusal to answer questions posed by the government.  In denying the motion to strike, Judge Blanton also admonished that defendant's refusal may be a double edged sword in that her refusal may affect her then pending motion for specific performance.  When the entire record before the Court is considered as well as the circumstances surrounding defendant's refusal to answer the governments questions, the Court cannot conclude that Judge Blanton's Order was either clearly erroneous or contrary to law.  The government's "objection" is therefore overruled.

Based upon the foregoing, the objections to the Report and Recommendation are overruled. The Court adopts Judge's Blanton's Report and Recommendations in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Suppress Evidence and Statements, [Doc. #. 26], and her Motion for Specific Performance, [Doc. # 27] are denied.

Dated this 6th day of March, 2006.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE