UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:05CR57 HEA |
| ) | |
| TONYA JOHNSON HYLES, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's *pro se* Motion for Reconsideration, [Doc. No. 182], of the Court's initial denial of her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), [Doc. No. 176]. On December 29, 2020, the Court denied Defendant's compassionate release motion because she failed to exhaust her administrative remedies. Defendant has now submitted a denial letter from the warden of the Federal Medical Center-Carswell, the BOP location at which Defendant is incarcerated. Accordingly, the Court grants the motion for reconsideration and will address the merits of Defendant's Motion for Compassionate Release.

Defendant filed her motion on August 3, 2020. On August 5, 2020 the Office of the Federal Public Defender entered an appearance on behalf of the Defendant. On September 3, 2020, counsel for Defendant filed a motion to

1

withdraw. The Court granted counsel's motion to withdraw. The government did not file a response to Defendant's motion.

## BACKGROUND

On October 13, 2006, Defendant was found guilty by a jury of conspiracy to commit murder for hire, aiding and abetting murder for hire, possession of a firearm in furtherance of a crime of violence, and conspiracy for felon to possess a firearm. Defendant's convictions were affirmed by the Eighth Circuit Court of Appeals.

Defendant is 46 years old and currently housed at Federal Medical Center, Carswell, Fort Worth, Texas.

## DISCUSSION

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now herself (or through her advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, Defendant bears the burden of proving both that she has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017,

1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

In evaluating a defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline 1B1.13,[1] which governs compassionate release reductions, provides some specific

---

1 Sentencing Guidelines section 1B1.13 and its Application Note 1 have not been amended to reflect the changes made by the First Step Act, because the United States Sentencing Commission has not had a quorum since the passage of the Act. Guidelines Section 1B1.13 appears inconsistent with the amended statute because it requires the BOP Director to make a motion for compassionate release. Application Note 1 appears inconsistent with the new law because its list of specific reasons that could justify compassionate release (medical condition, age, family circumstances) are not required by the statute and its catch-all "other reasons" subsection requires the BOP Director to determine what are "extraordinary and compelling" reasons. Based on interpretation of the statute's language, several of the U.S. Circuit Courts of Appeals and district courts have found the guideline is inapplicable to First Step Act motions filed by prisoners and does not limit the factors a district court may consider. See United States v. McCoy, 981 F.3d 271, 281-82 (4th Cir. 2020) (citing cases).

The Eighth Circuit Court of Appeals has not yet articulated the extent of a district court's discretion under the First Step Act to determine whether extraordinary and compelling reasons exist for compassionate release, but it has recognized that such discretion exists. See United States v. Rodd, 966 F.3d 740, 746-47 & n.7 (8th Cir. 2020). The Second Circuit Court of Appeals examined the First Step Act in depth in United States v. Brooker (Zullo), 976 F.3d 228 (2d Cir. 2020). The district court denied defendant Zullo's motion for compassionate release relying on Guideline § 1B1.13, "which seemingly still required a motion by the BOP." Id. at 234. The Second Circuit analyzed the First Step Act's language and held it allows courts independently to determine what reasons, for purposes of compassionate release, are "extraordinary and compelling," id. at 236, and that Guidelines § 1B1.13 Application Note 1(D) applies *only* where a First Step Act motion is filed by the BOP. Id. at 230, 236. The Second Circuit concluded "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." Id. at 237.

The Second Circuit also observed, "It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." Id. at 237. "Beyond this, a district court's discretion in this area—as in all sentencing matters—is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that

examples, including:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,

---

"[r]ehabilitation ... *alone* shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added)." Id. at 237-28 (internal citation and footnote omitted).

The Sixth Circuit Court of Appeals followed the Second Circuit and held that the First Step Act's passage rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020) (citing Brooker, 976 F.3d at 234). The Sixth Circuit concluded, "Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id. In sum, "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." Id. at 1111.

The Seventh Circuit Court of Appeals also reached the same conclusion, holding that "Section 1B1.13 addresses motion and determinations of the [BOP] Director, not motions by prisoners." United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (citing Brooker, 976 F.3d 228). The Seventh Circuit found that "the Sentencing Commission has not yet issued a policy statement 'applicable' to [prisoners'] requests." Id. The court concluded, "Until ... § 1B1.13 is amended, ... the Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria—'extraordinary and compelling reasons'—subject to deferential appellate review." Id.

The Fourth Circuit Court of Appeals "agree[d] with the Second Circuit and the emerging consensus in the district courts: There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.' " McCoy, 981 F.3d at 284 (quoting Brooker, 976 F.3d at 230) (holding the severity of defendants' sentences as a result of "stacking" under former 18 U.S.C. § 924(c), coupled with the disparity between those sentences and the sentences they would receive today, constituted extraordinary and compelling reasons for relief under the First Step Act).

The Court believes that in the absence of an amended policy statement, 1B1.13 provides guidance for consideration. In any event, the Court's decision is based on the failure of Defendant to establish any circumstances that are extraordinary and compelling enough to warrant release, as discussed, *infra*.

:

> > (II) suffering from a serious functional or cognitive impairment, or
>
> > (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old;
>
> > (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

## Discussion

Defendant argues that BOP facilities are especially dangerous because COVID-19 spreads rapidly once introduced to prison facilities due to the congregate and communal-living environments in prisons. Defendant argues that further incarceration poses a danger to health.

Defendant also argues that she is needed to provide maternal support for her four children who are suffering from depression and other issues which arose because of her absence from their daily lives because she is incarcerated. She also desires to help care for her sister who suffers from Lupus and Diabetes and her mother who suffers from Diabetes and high blood pressure.

Defendant further urges a compassionate release because of the positive changes she has made during her incarceration. She has currently enrolled in the Office Management Apprenticeship and will have completed 4,000 work hours and 288 class hours upon completion of the Apprenticeship. She has maintained employment throughout her incarceration and has worked her way up at her job in the commissary and is a team leader.

The Court does not find that Defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. Although Defendant states that she needs to care for her children, sister and mother, nothing in the motion establishes that Defendant's children, sister, and mother would rely solely on her care. Specifically, the issues raised by Defendant reflect her desire to be with her family rather than establishing Defendant is the only person available to care for her family members.

The Court also finds that Defendant's COVID-19 concerns do not rise to the level of extraordinary and compelling circumstances. Starting in December 2020,

the BOP began administering doses of the COVID-19 vaccine to both inmates and staff. *See United States v. Edwards*, No. 15-CR-339, 2021 WL 243190, at *2 (N.D. Ohio Jan. 25, 2021). At present at FMC-Carswell, 282 staff members and 1101 inmates have now been fully inoculated against COVID-19. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (click hyperlink reading "Learn more about vaccinations and view individual facility stats +") (last visited June 23, 2021). Currently, three inmates and zero staff members are actively infected with COVID-19 at Carswell. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (click hyperlink reading "Full breakdown and additional details…")(last visited June 23, 2021). These data indicate that the risk for Defendant contracting the virus is not imminent.

Defendant's good behavior and efforts toward self-improvement are commendable and the court urges Defendant to continue her good work.. However, rehabilitative efforts do not constitute extraordinary and compelling circumstances warranting defendant's release. *See* U.S.S.G. § 1B1.13, application note 3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.).

For the foregoing reasons, Defendant has not met her burden of proving that "extraordinary and compelling reasons" exist to support the requested relief.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, [Doc. No. 176], is **DENIED**.

Dated this 23rd day of June, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE